# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 2:06CR00006 |
| | ) | |
| | ) | **OPINION** |
| v. | ) | |
| | ) | By: James P. Jones |
| **DAVID VANBUREN WOLFE**, | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

*Charlene R. Day, Assistant United States Attorney, Roanoke, Virginia, for United States; Thomas R. Scott, Jr., Grundy, Virginia, for Defendant.*

The government has objected to any reduction in sentence for this defendant, who is eligible for such a reduction under 18 U.S.C. § 3582(c)(2) by virtue of the lowering of the crack cocaine guidelines.

I will overrule the government's objections.

The government asks this court to focus on information contained in the original Presentence Investigation Report and the defendant's behavior while incarcerated when deciding whether to reduce the defendant's sentence.

With regard to the conduct underlying the offense and the defendant's criminal history, as detailed in the Presentence Investigation Report, the guidelines provide mechanisms for consideration of both via the Total Offense Level and the Criminal History Category. Absent any evidence that this defendant's Total Offense Level and

Criminal History Category uniquely fail to paint an accurate picture of the defendant's background or danger to the public, I find that neither the conduct underlying the conviction nor the defendant's criminal history is a bar to a reduction in sentence.

The Chronological Disciplinary Record submitted by the government indicates that the defendant has been sanctioned for one incidents of non-violent misconduct while incarcerated. I do not find that his misbehavior while incarcerated is significant enough to bar a reduction in his sentence.

Finally, the government argues that the defendant has already received a lower sentence than he should have received because he benefitted from a plea agreement, and therefore his sentence should not be reduced. The government's argument, taken to its logical conclusion, boggles the mind. According to the government, if a defendant pleads guilty and accepts responsibility for his criminal behavior, his sentence should not be reduced because he has already benefitted from a plea agreement. In contrast, those defendants who put the government to its burden of proof at trial would deserve a reduction because they have not already benefitted from a plea agreement. To the extent that a plea agreement is relevant to whether a defendant's sentence should be reduced in accord with the amended sentencing guidelines, it cannot have the impact asserted by the government.

A separate judgement will be entered.

>Dated: March 26, 2008
>
> /S/ JAMES P. JONES
>Chief United States District Judge

- 3 -

Case 2:06-cr-00006-JPJ-PMS   Document 51   Filed 03/26/08   Page 3 of 3   Pageid#: 142